IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY F. MASON and : <br> PATRICIA A. MASON, : <br>          Plaintiffs, : <br> : <br> v. : <br> : <br> STARWOOD HOTELS AND : <br> RESORTS WORLDWIDE, et al., : <br>          Defendants. : <br> : | Civ. No. 11-2247 |

## O R D E R

**AND NOW**, this 30th day of December, 2011, it is hereby **ORDERED** that Defendants' Motion to Dismiss *(Doc. No. 17)* is **DENIED without prejudice**.  It is further **ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Central District of California pursuant to Section 1406(a) of Title 28 of the United States Code.

The Clerk shall close this case for statistical purposes.

                                                       **AND IT IS SO ORDERED.**

                                                       /s/ Paul S. Diamond
                                                       _____
                                                       Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY F. MASON** and **PATRICIA A. MASON,** Plaintiffs, | : : : : | |
| v. | : : | Civ. No. 11-2247 |
| **STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.,** et al., Defendants. | : : : : : | |

**Diamond, J.**                                                                                     **December 30, 2011**

## MEMORANDUM

Pennsylvania residents Gregory and Patricia Mason bring this diversity action against Starwood Hotels and Resorts Worldwide, Inc., two of its employees (Kyle Maxey and Melanie Lane), two of its purported subsidiaries (Westin Mission Hills Resort and Villas, and WVC Rancho Mirage, Inc.), and Interval International, Inc. Plaintiffs allege that they purchased vacation timeshares from Defendants, but that they did not receive all the promised benefits. *(Compl., Doc. No. 1.)* They also challenge Defendants' credit reporting practices.

The corporate Defendants have submitted a single Motion to Dismiss *(Doc. No. 17)*, arguing that venue is not proper in this District and that this Court lacks personal jurisdiction over Defendant WVC. The individual Defendants apparently have not been served. For the reasons that follow, I will deny Defendants' Motion and transfer this action.

LEGAL STANDARDS

I. *Personal Jurisdiction*

Rule 12(b)(2) requires the plaintiff to establish that jurisdiction exists in the forum state. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). The court must construe all jurisdictional facts in the light most favorable to the plaintiff, who must present "a prima facie case for the exercise of personal jurisdiction 'by establishing with reasonable particularity, sufficient contacts between the defendant and the forum state.'" Id. (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987)); see Karcsh v. Bd. of Dirs. Ventura Country Club, Civ. No. 10-4965, 2011 WL 1740626 at *2 (E.D. Pa. May 5, 2011).

"Because Pennsylvania's long-arm statute reaches to the limits of due process, a finding of personal jurisdiction must comport with those constitutional requirements." Karcsh, 2011 WL 1740626 at *2; Mellon Bank, 960 F.2d at 1221. The plaintiff must show that the "particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." Provident Nat'l Bank, 819 F.2d at 437. Specific jurisdiction requires that the defendant have "minimum contacts" with the forum state and "reasonably anticipate being haled into court there," such that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Mellon Bank, 960 F.2d at 1221 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

II. *Venue*

The defendant must make out improper venue. Myers v. Am. Dental Ass'n, 695 F.2d

716, 725 (3d Cir. 1982) ("[T]he defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss."). Objections to venue are waived unless properly raised. 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3829 (3d ed. 2011). Where federal jurisdiction is based solely on diversity, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id. § 1391(c).

> Venue defects may be cured by dismissal or transfer:
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Id. § 1406(a); see also id. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). A district court may transfer a case under Section 1406(a) either on a party's motion or *sua sponte*, and may do so whether or not it has personal jurisdiction over the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Lafferty v. St. Riel, 495 F.3d 72, 75 n.3 (3d Cir. 2007); Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

The district court has "wide discretion" respecting the remedy when venue is proper as to only some defendants. 14D Wright & Miller, supra, § 3827. The court may transfer the entire case, or may sever the claims for which venue is improper and dismiss or transfer only those claims. Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994) (citing 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3827, at 275–76 (1986 & Supp. 1994)). Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 33–34 (3d Cir. 1993) (A court "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.").

In deciding between transfer and dismissal under Section 1406, the court must act "in the interest of justice." 28 U.S.C. § 1406(a). The court must consider: (1) whether the statute of limitations has run since commencement of the action; (2) whether the defendant misled the plaintiff as to facts relevant to venue; (3) if dismissal would otherwise prejudice the plaintiff; (4) if transfer is more economical; and (5) whether the plaintiff's belief that venue was proper was in good faith and reasonable. 14D Wright & Miller, supra, § 3827 nn.31–39 (2011).

DISCUSSION

Plaintiffs allege that they attended Defendant Starwood's sales presentation in Palm Desert, California for vacation timeshares. Starwood employees Maxey and Lane spoke at the presentation. *(Doc. No. 1 ¶¶ 13–14.)* Plaintiffs allege Defendants misrepresented that the timeshares would include access to hotels and resorts around the world with automatic upgrades and no blackout dates. *(Id. ¶¶ 23, 26–32.)* Plaintiffs signed contracts in California to purchase timeshares located in California at the Westin Mission Hills Resort and the WVC Rancho

Page **4** of

Mirage, for a total of $170,000 plus monthly maintenance fees of $800.  *(Id. ¶¶ 21, 25; Halladay Decl., Doc. No. 17-6 ¶ 2.)*  The contracts provide: (1) that they are to be governed by California law; and (2) that "[j]urisdiction and venue" respecting litigation over contract enforcement "shall be proper only in Riverside County, California." *(Halladay Decl., Ex. 1, Doc. No. 17-7 at 5, 11.)* Plaintiffs apparently do not seek to enforce the contract: they allege that they were denied upgrades and were subject to blackout dates when they stayed at facilities affiliated with Defendants in Greece, St. Maarten, and Seattle. *(Doc. No. 1 ¶¶ 36, 43, 57.)*  They bring claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law as well as common law claims for fraudulent inducement, lost business opportunity, and defamation.  73 Pa. Stat. Ann. §§ 201-1 to -9.

Defendants Starwood and Interval do business in Pennsylvania and do not contest personal jurisdiction (although they dispute venue). *(Doc. No. 17–3 at 2–3.)*  Defendant WVC is a Delaware corporation with a principal place of business in Florida. *(Doc. No. 17-6 ¶ 3.)* WVC owns Defendant Westin Mission Hills Resort and Villas—which Defendants aver is not a legal entity.  WVC's affidavits also provide that it does no business in Pennsylvania, maintains no assets or employees in Pennsylvania, and directs no advertising at this state apart from its website. *(Doc. No. 17-6 ¶¶ 4–6.)*  Defendants Maxey and Lane have not entered an appearance in this matter.  Defendant Maxey resides in California; Plaintiffs have not alleged where Defendant Lane resides. *(Doc. No. 1 ¶ 3–4.)*  Plaintiffs have provided no affidavit of service for Maxey.  The Affidavit of Service for Lane indicates that Plaintiffs actually served another Starwood employee, Regina Lynch. *(Doc. No. 26.)*  It thus appears that Plaintiffs may have chosen not to prosecute their claims against the individual Defendants.

I.  *Personal Jurisdiction as to Defendant WVC*

Plaintiff argues that it is fair to bring WVC into court here because: (1) WVC's actions caused harm in Pennsylvania, and (2) Starwood's Pennsylvania contacts are attributable to WVC on an agency theory. I do not agree.

Plaintiff has failed to demonstrate any "contacts between the defendant and" Pennsylvania sufficient to support personal jurisdiction over WVC. Mellon Bank, 960 F.2d at 1223. That Plaintiffs experienced injury in Pennsylvania does not establish personal jurisdiction here. To establish tortious effects-based jurisdiction, a plaintiff must show (1) the defendant "committed an intentional tort"; (2) the plaintiff "felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm"; and (3) the defendant "expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 256 (3d Cir. 1998); see Calder v. Jones, 465 U.S. 783, 788–89 (1984) (finding personal jurisdiction in California over Florida reporter and editor who wrote and edited a defamatory article about a California resident). In commercial torts matters, the Third Circuit invokes effects-based jurisdiction sparingly. IMO Industries, 155 F.3d at 265. A defendant's knowledge that the plaintiff resides in a forum does not establish that the forum is the focal point of the harm or that the defendant expressly aimed its conduct at the forum. Id.

Plaintiffs have failed to show that Pennsylvania is the focal point of their harm or that WVC "expressly aimed" its allegedly tortious conduct at Pennsylvania. Indeed, Plaintiffs have failed to allege *any* contacts between WVC and Pennsylvania. On the contrary, according to Plaintiffs, their contacts with Defendants occurred almost exclusively in California and concerned California properties and contracts. Moreover, Plaintiffs allege that they suffered

much of their harm not in Pennsylvania, but when they were denied upgrades in Greece, St. Maarten, and Seattle.

Finally, Plaintiffs have not established that Starwood acted as WVC's agent. See Grand Entm't Group, Ltd. v. Star Media Sales, 988 F.2d 476, 483 (3d Cir. 1993) (activities of a party's agent may make out the minimum jurisdictional contacts necessary). That Starwood is WVC's parent corporation does not, without more, establish agency. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984) ("[N]or does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary."); Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001) (that non-resident corporation is owned by entity doing business in the forum does not establish personal jurisdiction over non-resident corporation); see Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . may not be attributed to the other."); Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006) (same); Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 346 (5th Cir. 2004) (same); Benton v. Cameco Corp., 375 F.3d 1070, 1081 (10th Cir. 2004) (same). Cf. Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 301 (3d Cir. 2008) (that subsidiary does business in state does not confer jurisdiction over its nonresident parent, even if parent is sole owner of subsidiary). Plaintiffs have offered no support—other than the parent-subsidiary relationship—for their agency theory. This simply is not sufficient. Barrett, 239 F.3d at 27 (1st Cir. 2001) ("In order to defeat a motion to dismiss for want of *in personam* jurisdiction, a plaintiff must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality.").

Accordingly, I conclude that this Court lacks personal jurisdiction over Defendant WVC.

## II. Improper Venue

Plaintiffs have not explained in any of their filings which provision of Section 1391(a) supports venue. *(Doc. Nos. 1, 23-3.)* I find that venue is improper as to all Defendants under all three provisions.

Venue cannot rest on Section 1391(a)(1) because Defendants do not all reside in Pennsylvania. Defendant WVC is not a Pennsylvania resident for venue purposes because, as I have just explained, it is not subject to personal jurisdiction here. 28 U.S.C. § 1391(c). Moreover, Plaintiffs do not allege that Maxey or Lane (assuming Plaintiffs are proceeding against them) is a Pennsylvania resident.

Venue cannot rest on Section 1391(a)(2) because a "substantial part of the events or omissions giving rise to the claim" did not occur in Pennsylvania. Virtually all the events of which Plaintiffs complain occurred in California, Greece, St. Maarten, or Seattle.

Finally, venue cannot rest on Section 1391(a)(3), which applies only "if there is no district in which the action may otherwise be brought." Id. § 1391(a)(3). It appears undisputed that venue would be proper in California, where the events giving rise to Plaintiffs' claims allegedly occurred.

In sum, venue is not proper in this District.

## III. Remedy

Although the corporate Defendants have asked me to dismiss all the claims against them, I may also consider whether severance or transfer is in the interest of justice. See Cottman, 36

F.3d at 296.

The initial sales presentation that gave rise to this litigation allegedly took place over three years ago. *(Doc. No. 1 ¶ 13.)* Dismissal of the entire case would result in the expense and delay of filing a new action in California, where some of Plaintiffs' claims might be time-barred. See 42 Pa. Cons. Stat. Ann. § 5501 (Pennsylvania's two-year limitations period for torts); Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 430 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred."); 14D Wright & Miller, supra, § 3827 n.33 (2011) (transfer appropriate where efficient and economical).

Similarly, although severing the claims against the non-resident Defendants might cure the venue defects, it would be inequitable. Because all the claims arise from the same purported conduct, severing some would require Plaintiffs to litigate many of the same issues both here and in California. Sunbelt, 5 F.3d at 33–34.

In these circumstances, to avoid prejudice and promote economy, I conclude that it is in the interest of justice to transfer this action to the Central District of California, where both venue and personal jurisdiction obtain as to all Defendants.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss *(Doc. No. 17)* is **DENIED without prejudice** and this action is **TRANSFERRED** pursuant to Section 1406(a) to the United States District Court for the Central District of California.

An appropriate Order follows.

                                                **AND IT IS SO ORDERED.**

                                                /s/ Paul S. Diamond
                                                _____
                                                Paul S. Diamond, J.